IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**CARLOS JARRETT SPENCE,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 3:13-CV-20720**

**CAROLYN W. COLVIN**
**ACTING COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

### MEMORANDUM OPINION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for disability insurance benefits (DIB) and supplemental security income (SSI), under Titles II and XVI of the Social Security Act, 42U.S.C. Sections 401-433, 1381-1383f. Both parties have consented to a decision by the United States Magistrate Judge. Presently pending before the Court are Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 10) and Defendant's Brief in Support of the Defendant's Decision (ECF No. 12).

Background

On May 19, 2010, Carlos Jarrett Spence, Plaintiff (hereinafter Claimant), filed applications for supplemental security income and disability insurance benefits alleging disability since April 10, 2010. The claims were denied initially on August 23, 2010, and upon reconsideration on June 2, 2011. Claimant then filed a request for a hearing before an Administrative Law Judge (ALJ) on June 6, 2011 (Tr. at 110-111). A hearing was held on February 22, 2012, in Huntington, West Virginia (Tr. at 22-71). The ALJ denied the claims on March 23, 2012 (Tr. at 7-21). On May 24, 2012, Claimant requested a review by the Appeals

Council stating that the decision by the ALJ was not supported by substantial evidence (Tr. at 6). On May 18, 2013, the Appeals Council received additional evidence from Claimant which was made part of the record (Tr. at 4).  Representative brief dated May 24, 2012 marked as Exhibit C19E and medical records from Community Radiology and David Dascal, M.D. dated March 16, 2012 to April 5, 2012, marked as Exhibit C14F.  On May 18, 2013, the Appeals Council "found no reason under our rules to review the Administrative Law Judge's decision" (Tr. at 1).  The Appeals Council stated the additional evidence was considered but did not provide a basis for changing the ALJ's decision (Tr. at 2).  Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Claimant has moved this Court to grant disability insurance benefits and supplemental security income benefits or remand this matter, pursuant to the sixth sentence of 42 U.S.C. § 405(g), to the administrative level for consideration of new evidence.

Request for Remand

In considering Claimant's request for remand, the Court notes initially that the social security regulations allow two types of remand.  Under the fourth sentence of 42 U.S.C. § 405(g), the Court has the general power to affirm, modify or reverse the decision of the Commissioner, with or without remanding the cause for rehearing for further development of the evidence.  42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991).  Where there is new medical evidence, the court may remand under the sixth sentence of 42 U.S.C. § 405(g) based upon a finding that the new evidence is material and that good cause exists for the failure to previously offer the evidence.  42 U.S.C. § 405(g); *Melkonyan*, 501 U.S. at 97.  The Supreme

Court has explicitly stated that these are the only kinds of remand permitted under the statute. *Melkonyan*, 501 U.S. at 98.

In order to justify a remand to consider newly submitted medical evidence, the evidence must meet the requirements of 42 U.S.C. § 405(g) and *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985).[1] In *Borders*, the Fourth Circuit held that newly discovered evidence may warrant a remand to the Commissioner if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative; (2) the evidence is material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to the remanding court "at least a general showing of the nature" of the newly discovered evidence. *Id.*

---

[1] Within relevant case law, there is some disagreement as to whether 42 U.S.C. § 405(g) or the opinion in *Borders* provides the proper test in this circuit for remand of cases involving new evidence. This court will apply the standard set forth in *Borders* in accordance with the reasoning previously expressed in this district:

> The court in *Wilkins v. Secretary of Dep't of Health & Human Servs.*, 925 F.2d 769 (4th Cir. 1991), suggested that the more stringent *Borders* four-part inquiry is superseded by the standard in 42 U.S.C. 405(g). The standard in § 405(g) allows for remand where "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, *Borders* has not been expressly overruled. Further, the Supreme Court of the United States has not suggested that *Borders'* construction of § 405(g) is incorrect. Given the uncertainty as to the contours of the applicable test, the Court will apply the more stringent *Borders* inquiry.

*Brock v. Secretary, Health and Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992) (citations omitted).

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the decision of the ALJ is not supported by substantial evidence. He asserts that the ALJ failed to properly evaluate his credibility[2] pursuant to 42 U.S.C. § 423(d)(5)(A), Social Security Rule 96-7p and applicable case law. Claimant avers that the Appeals Council failed to properly consider the new and material evidence submitted relating to his severe back impairment. Claimant requests this Court to reverse or remand this case (ECF No. 10). Defendant asserts that the ALJ's decision is supported by substantial evidence and that Claimant's allegations of disabling symptoms and limitations were not credible (ECF No. 12). Defendant asserts that the additional evidence submitted to the Appeals Council was not new and material.

Review of the Decision

Claimant asserts that he is entitled to disability insurance benefits and supplemental security income because he suffers from: gout, chronic back pain, degenerative disc disease, status post right ankle fracture with decreased range of motion, left elbow lateral epicondylitis, status post right shoulder strain, obesity, hypertension and major depressive disorder. By decision dated March 23, 2012, the Administrative Law Judge (hereinafter ALJ) found Claimant to suffer from the severe impairments of gout, chronic back pain with degenerative disc disease, status post right ankle fracture with decreased range of motion, left elbow lateral epicondylitis and status post right shoulder strain (Tr. at 12). However the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. at 14).

---

[2] In Defendant's Brief in Support of the Defendant's Decision, Defendant relies on the ALJ finding "that Ross' testimony was not entirely credible for legally sufficient reasons…" (ECF No. 12). There is no person named Ross in this claim.

In her decision, the ALJ stated that when considering the evidence as it pertains to Claimant's chronic back pain with degenerative disc disease under Listing 1.04, "No treating or examining physician has indicated findings that would satisfy the severity requirement." (*Id.*) The ALJ held:

> Although the record shows chronic back pain with degenerative disc disease, listing 1.04 is not met because there is no compromise of a nerve root (including the cauda equine) or the spinal cord. There is no spinal cord compression, no evidence of root nerve compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, no motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss. Further the claimant does not have any spinal arachnoiditis or lumbar spinal stenosis resulting in pseudoclaudication. Therefore, the mere presence of chronic back pain with degenerative disc disease is not sufficient to meet or equal listing 1.04.

Additionally, the ALJ held that Claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, his statements concerning the intensity, persistence and limiting effect of these symptoms were not credible" (Tr. at 15-16). The ALJ stated "Turning to the medical evidence, the objective findings in this case fail [to] provide support for the claimant's allegations" (Tr. at 16).

Substantial Evidence

The Fourth Circuit has held that "A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation omitted). The court must review whether the ALJ's findings reached were based upon a correct application of the relevant law. The Commissioner uses a five-step process to evaluate disability claims." *Hancock*, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an

5

impact that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Id.*

Substantial evidence means "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1993) (quoting *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (interval citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." *Hunter*, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." *Mastro*, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to wehther a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock*, 667 F.3d at 472. "The issue before [the reviewing court], therefore, is not whether (the claimant) is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

<u>Sentence Six Remand</u>

Claimant submitted medical records from David Dascal, M.D., dated March 16, 2010, and Community Radiology, dated April 5, 2012, to the Appeals Council along with his representative brief dated May 24, 2012. On May 18, 2013, the Appeals Council stated that it

had received the additional evidence which it made part of the record as Exhibits C19E[3] and C14F (Tr. at 4). The Notice of Appeals Council Action stated that "We found no reason under our rules to review the Administrative Law Judge's decision" (Tr. at 1-3). Both parties acknowledge that the Appeals Council need only consider additional evidence if it is new material and relates to the period on or before the date of the ALJ's decision." *Wilkins v, Secretary of Health & Human Serv.*, 953 F.2d 93, 95-96 (4th Cir. 1991) (citing *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). The parties disagree as to whether the additional evidence meets these criteria. However, it is up to the Appeals Council to decide in the first instance whether the additional evidence meets these criteria and will be considered. See *Meyer v. Astrue*, 662 F.3d 700, 705-706 (4th Cir. 2011) (noting that where additional evidence is submitted to the Appeals Council, "the Appeals Council first determines if the submission constitutes 'new and material' evidence that 'relates to the period on or before the date of the [ALJ's] hearing decision'") (quoting 20 C.F.R. § 404.970(b)). If the Appeals Council concludes that the additional evidence is new and material and relates to the period before the ALJ's decision, the Appeals Council must then consider the new evidence along with the entire record in deciding whether to grant review of the ALJ's decision. *Wilkins*, 953 F.2d. at 95.

The additional evidence, Exhibit C14F, consists of two lumbar spine MRIs dated March 16, 2010, and April 5, 2012 (Tr. at 660-662). The lumbar spine MRI, dated March 16, 2010, from David Dascal, M.D., Neuroradiologist, reported degenerative disc change at L4-5 and L5-S1 and mild bulging of the disc at L4-5 without canal stenosis (Tr. at 661). The lumbar spine MRI, dated April 5, 2012, from Vijay Ramakrishman, M.D., reported significant disc desiccation

---

3 Although the medical records from David Dascal, M.D., are dated March 16, 2010, the Order of Appeals Council making the additional evidence part of the record incorrectly states that the medical records are dated March 16, 2012 (Tr. at 4).

7

at L5-S1 causing moderate to marked biforaminal impingement, right greater than left, and moderate biforaminal impingement at L4-5 secondary to disc bulge (Tr. at 660). The additional evidence has not been addressed by a fact-finder.  The Fourth Circuit has noted that a lack of additional fact finding regarding new evidence "does not render judicial review "impossible"- as long as the record provides "an adequate explanation of the Commissioner's decision." *Parker v. Colvin*, Case No. 1:11-cv-746 (M.D. North Carolina, September 4, 2014) (citing *Meyer*, 662 F.3d at 707 (quoting *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983)) (internal brackets omitted)).  However, where new evidence competes with the evidence underlying an ALJ's decision, a situation arises in which "no fact finder has made any finding as to the [new evidence] or attempted to reconcile that evidence is quintessentially the role of the fact finder," the Court "must remand the case for further fact finding" in such an instance. *Id.*

Credibility

A two-step process is used to determine whether a claimant is disabled by pain.  First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain alleged.  20 C.F.R. §§ 404.1529(b) and 416.929(b) (2009); SSR 96-7p, 1996 WL 374186 (July 2, 1996); *see also, Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996).  If such an impairment is established, then the intensity and persistence of the pain and the extent to which it affects a claimant's ability to work must be evaluated. *Craig*, 76 F.3d at 595.  When a claimant proves the existence of a medical condition that could cause pain, "the claimant's subjective complaints [of pain] must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." *Mickles v. Shalala*, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of pain should be gathered and considered, but the absence of such evidence is

not determinative. *Hyatt v. Sullivan*, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) (2013). Additionally, the regulations provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such as pain, which we will consider include:
>
> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms.
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) (2013).

SSR 96-7p repeats the two-step regulatory provisions:

> First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or

9

>other symptoms. * * * If there is no medically determinable physical or mental impairment(s), or if there is a medically determinable physical or mental impairment(s) but the impairment(s) could not reasonably be expected to produce the individual's pain or other symptoms, the symptoms cannot be found to affect the individual's ability to do basic work activities.
>
>Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p, 1996 WL 374186, at *2. Significantly, SSR 96-7p requires the adjudicator to engage in the credibility assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

*Craig* and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. *Craig*, 76 F.3d at 585, 594; SSR 96-7p, 1996 WL 374186, at *2 ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record"). For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain. *Craig*,

76 F.3d at 595. Nevertheless, *Craig* does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision. The only analysis which *Craig* prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

Conclusion

In a recent, similar case, the Middle District of North Carolina held that a narrative report prepared by the claimant's treating physician after the ALJ rendered his decision, constitutes new and material evidence. The new and material evidence had not been reviewed by a fact-finder, the ALJ, therefore, the court remanded the case to the ALJ for further fact finding. *Parker v. Carolyn Colvin*, Case No. 1:11-cv-746 (M.D. North Carolina, September 4, 2014). In the present case, the additional evidence was considered by the Appeals Council, however, it involves a competing opinion and relates to the credibility of the Claimant's pain that may require reconciliation by a fact-finder, therefore, the Court concludes that this matter requires remand under sentence six of 42 U.S.C. § 405(g).

Claimant raises additional arguments as to why the ALJ's decision is not supported by substantial evidence. The Court declines to address these arguments, as they can be addressed on remand.

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, the Plaintiff's Motion for Summary Judgment on the Pleadings is GRANTED to the extent Claimant seeks remand and otherwise DENIED, this matter is

REVERSED and REMANDED for further administrative proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g) and this matter is DISMISSED from the docket of this Court.

The Clerk of this Court is directed to provide copies of this Order to all counsel of record.

Enter: September 30, 2014

Dwane L. Tinsley
United States Magistrate Judge